HASSAN A. ZAVAREEI  (CA 181547)
JEFFREY KALIEL  (CA 238293)
**TYCKO & ZAVAREEI, LLP**
2000 L Street, NW, Suite 808
Washington, DC  20036
(202) 973-0900
(202) 973-095 (FAX)
*jkaliel@tzlegal.com*
*hzavareei@tzlegal.com*

STUART E. SCOTT (0064834)  (PHV Forthcoming)
DANIEL FRECH (0082737)  (PHV Forthcoming)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*sscott@spanglaw.com*
*dfrech@spanglaw.com*

ANDREW R. MAYLE  (0075622)  (PHV Forthcoming)
JEREMIAH S. RAY  (0074655)  (PHV Forthcoming)
**MAYLE, RAY & MAYLE**
210 South Front Street
Fremont, OH  43420
(419) 334-8377
(419) 355-9698 (FAX)
*amayle@mayleraymayle.com*
*jray@mayleraymayle.com*

***Counsel for Plaintiffs and the Proposed Class***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LUCAS<br>10528 Pinion Trail<br>Escondido, CA  92026<br><br>    and<br><br>ERIC L. SALERNO<br>7467 Redhill Way<br>Browns Valley, CA  95918<br><br>*On Behalf of Themselves and Those*<br>*Similarly Situated*<br><br>                    Plaintiffs<br><br>    vs.<br><br>JOS. A. BANK CLOTHIERS, INC., a<br>Delaware Corporation | CASE NO.   **'14CV1631 LAB JLB**<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT**<br><br>***[Jury Demand Endorsed Hereon]*** |

1

c/o C T Corporation System                    )
818 West Seventh Street                        )
Los Angeles, CA  90017                         )
                                               )
                        Defendant              )

Plaintiffs, David M. Lucas and Eric L. Salerno, through undersigned counsel, on behalf of themselves and all California residents similarly situated, allege the following based on personal knowledge as to allegations regarding Plaintiffs and on information and belief as to other allegations.

**INTRODUCTION**

1.      This is a class action against Jos. A. Bank Clothiers, Inc. ("Jos. A. Bank" or "Defendant") for its deceptive and unlawful use of so-called "sales" based on inflated, arbitrary and false "former" prices. In its direct marketing to consumers via in-store advertising displays, print advertising and via its website (www.josbank.com), Jos. A. Bank advertises false former prices, false price discounts and false free apparel promotions for its men's suits, sportcoats, and dress pants.

2.      Jos. A. Bank's "buy one get one [or more] free" suit offers and other similar promotions require consumers to buy one "regular" price suit to get one or more free item of Jos. A. Bank men's apparel.  But the "regular" prices are a sham.

3.      During the "Class Period," as defined below, Jos. A. Bank has misrepresented the nature and amount of price discounts for its men's suits, sportcoats, and dress pants by offering specific dollar and percentage discounts from those same inaccurate and inflated "regular prices." These purported free apparel promotions and discount offers are false because the referenced "regular price" is, in each instance, fabricated, inflated and not representative of Jos. A. Bank's true former price, within the preceding three months, for its men's suits and other apparel.  To the contrary, Jos. A. Bank's former prices are a price no consumer has actually ever paid for a Jos. A. Bank suit not in connection with some sale or discount.

4.      Jos. A. Bank did not sell any meaningful quantity of suits, and it had no intention of selling any meaningful quantity of such products, at the "regular" retail prices employed in their

advertising and marketing materials.  Instead, these purportedly former prices are constructed from whole cloth by Jos. A. Bank to deceive consumers into believing they are getting a good deal.

5.     Furthermore, the advertised "regular" prices for Jos. A. Bank's men's suits, sportcoats, and dress pants, which purport to be a former price for those items, are not the prevailing retail market prices within three months immediately preceding the publication and dissemination of the advertised former prices, as required by California law.

6.     The Federal Trade Commission (FTC) described false former pricing schemes, similar to Jos. A. Bank's scheme in all material respects, as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonable substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the usual value he expects.

16 C.F.R. 233.1(a)

7.     California statutory and regulatory law also expressly prohibits false former pricing schemes.  Cal. Bus. & Prof. Code § 17501, entitled "Value determinations*; Former price advertisement*," states:

> For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> *No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement (emphasis added).

8.     Hundreds of thousands of California consumers have been victims of Jos. A. Bank's deceptive, misleading, and unlawful pricing scheme, which has been disseminated to California consumers via in-store display advertising, internet advertising, and print advertising.

3

Jos. A. Bank's false advertising focuses reasonable purchasers' attention on fictitious bargains and price discounts. As a result, purchasers, including Plaintiffs, have reasonably perceived that they are receiving valuable price reductions or bargains regarding their purchase of men's suits, sportcoats, or dress pants. This perception has induced reasonable purchasers, including Plaintiffs, to buy such products from Jos. A. Bank and to refrain from shopping for the same or similar products from competitors of Jos. A. Bank.

9.     Jos. A. Bank knows or reasonably should know that its comparative price advertising is false, deceptive, misleading, and unlawful under federal and California state law.

10.     The facts that Jos. A. Bank misrepresented or failed to disclose are facts that a reasonable person would have considered material, *i.e.*, facts that would contribute to a reasonable person's decision to purchase men's suits, sportcoats, and/or dress pants. Jos. A. Bank's false representations regarding "regular" prices and false representations of purported savings, discounts, and bargains are objectively material to the reasonable consumer and therefore reliance upon such representations may be presumed as a matter of law. Price, including purported former prices, matter significantly to consumers.

11.     At all relevant times, Jos. A. Bank has been under a duty to Plaintiffs and others similarly situated to disclose the truth about its former and "regular" prices.

12.     Plaintiffs relied upon false representations of former price, purported savings, and discounts in connection with Jos. A. Bank's "regular" prices when purchasing men's suits, sportcoats, and dress pants from Jos. A. Bank in California.

13.     Plaintiffs reasonably and justifiably acted and relied to their detriment on Jos. A. Bank's failure to disclose and concealment of, the truth about Jos. A. Bank's false former price advertising scheme in purchasing Jos. A. Bank men's suits, sportcoats, and dress pants in California.

14.     Jos. A. Bank intentionally concealed and failed to disclose the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiffs and others similarly situated to purchase Jos. A. Bank men's suits, sportcoats, and dress pants.

15.     The claims and issues asserted herein are governed by federal and California state law.  The state of California has the greatest interest in policing corporate conduct occurring within the state that affects the rights and interests of its citizens.

16.     Plaintiffs, individually, and on behalf of all others similarly situated, seek restitution and injunctive relief.

17.     For reasons made clear below, a class action lawsuit is the most efficient way to remedy the harm done by Jos. A. Bank's deceptive sales practices and to make whole the California consumers Jos. A. Bank has systematically deceived and misled.

## THE PARTIES

18.     Plaintiff, David M. Lucas, is a resident of Escondido, California, who, in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, purchased suits at the purported "regular price" of $895 and received 2 supposedly "free" suits from a Jos. A. Bank's store in California on July 1, 2012 and again on December 11, 2013.  On December 4, 2012 he purchased a suit at a purported "regular price" of $950 and received 2 supposedly "free" suits from a Jos. A. Bank's store in California.  And on June 22, 2013 he purchased a suit at the purported "regular price" of $2,195 and received 2 "free" suits from a Jos. A. Bank's store in California.  He would not have otherwise purchased these suits, or would not have purchased these suits for the price he did, absent Jos. A. Bank's false former price advertising and was damaged thereby.

19.     Plaintiff, Eric L. Salerno, is a resident of Browns Valley, California, who, in reliance on Defendant's false and deceptive advertising, marketing and pricing schemes, purchased 2 suits at the "lowest price of the year" – $197 for the first and $47 for the second from Jos. A Bank online on November 10, 2011.  He would not have purchased these suits, or would not have purchased these suits for the price he did, absent Jos. A. Bank's false former price advertising and was damaged thereby.  These goods were purchased in California and delivered to Plaintiff's house

20.     Similarly, all members of the putative Class as described below are California residents who purchased Jos. A. Bank merchandise in California.

21.     Defendant Jos. A. Bank Clothiers, Inc., is a publicly traded Delaware corporation with its principal place of business in Maryland.

22.     Jos. A. Bank operates a national chain of retail clothing stores and is registered to do business in the state of California.  Jos. A. Bank operates approximately forty-three (43) stores throughout California, including six (6) stores within the jurisdiction of the United States District Court for the Southern District of California.

23.     When in this Complaint reference is made to any act of "Jos. A. Bank" or "Defendant," such shall be deemed to mean the officers, directors, agents, employees or representatives of Jos. A. Bank committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct its employees while engaged in the management, direction, operation or control of the affairs of Jos. A. Bank and did so while acting within the scope of their employment or agency.

## JURISDICTION AND VENUE

24.     This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative Class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed Class is a resident of a different state than Jos. A. Bank.

25.     This Court has jurisdiction over Jos. A. Bank because it is a corporation or other business entity authorized to do business in the state of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contracts in California and/or otherwise intentionally avail itself of the California market through the ownership and operation of approximately forty-three (43) stores within the state of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

26.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. 1391, because Jos. A. Bank regularly conducts business in that District and because a substantial part of

the events or omissions giving rise to the claims asserted herein occurred and continue to occur in that District.

### **FACTUAL ALLEGATIONS**

### **Jos. A. Bank Inflates The Former Price Of Its Merchandise**

27.     Throughout the Class Period and on a near continuous basis, Jos. A. Bank frequently advertised the following various offer for suits, all of which expressly or impliedly are based on false former prices:  "Buy 1 (suit at "regular" price) get 2 (suits) FREE!", "OVER 65% OFF ALL SUITS!", "Buy a Suit, Get 2 Suits, 2 Dress Shirts, 2 Silk Ties FREE!", "ENTIRE STORE!, Buy Any 1, GET 2 FREE!", "Buy Any Suit, Get 1 Suit, 2 Shirts, 2 Silk Ties FREE!", "All Suits 60% off your 1st, 70% off your 2nd", "THREE TIMES THE SUIT SALE! Buy 1 Suit, Get 2 FREE!" and so on.  At other times, suits were touted as being "65% OFF" and even up to "75% OFF".  And at other times, suits were "marked down" to a raw dollar price, for example, $199 or $119 per suit (but were always advertised as having a "regular price" in excess of that amount).

28.     Jos. A. Bank advertised similar or identical sales with regard to sportcoats and dress pants, including "Buy one sportcoat get one free!", "Buy one sportcoat get two shirts and two dress pants free!", "60% off blazers and sportcoats!" and "50% off dress pants!".

29.     In each case, Jos. A. Bank based these purported discounts on phantom "regular" prices – prices that do not reflect the true price formerly paid by consumers for their suits.

30.     The deceptive "sales," which are supposedly based on discounts from former prices, are in actuality perpetual.  Jos. A. Bank suits, sportcoats, and dress pants are on "sale" 100% of the time.

31.     Because Jos. A. Bank suits are never, or almost never, sold at what Jos. A. Bank touts as their former price, the purported "regular" price is by definition not reflective of a true former price.

32.     Examples of marketing materials that Jos. A. Bank has used to tout its "sales" in the past 4 years are attached hereto as Exhibit 1.  Jos. A. Bank has also advertised "free", "% off"

and similar sales via the internet, television, radio, e-mail, direct phone calls to consumers and out-of-store signage.  In each case, Jos. A. Bank has falsely promised that its suits have a certain former price.

33.     When then-New York State Attorney General Eliot Spitzer investigated Jos A. Bank's sales practices in New York in 2003, he found that less than 1% of Jos A. Bank's suits, formal wear, dress pants and sportcoats were sold at the purported "regular" price.  See Exhibit 2, attached hereto.  A similar number of suits suit in California are sold at a price falsely touted as "regular."[1]

34.     Publicly available financial information and analysis of its ongoing sales in California demonstrates that the real former "former" price of Jos. A. Bank's suits, sportcoats, and dress pants is 30% or less than the former price they advertised.  Jos. A. Bank still maintains an approximately 60% gross margin on its suits, sportcoats, and/or dress pants, even after all sales and promotions.  See 10-K at p. 38, attached hereto as Exhibit 3.  This is how Jos. A. Bank can afford to have a "three times the suit" sale or a "Buy 1, Get 2 free" sale while still generating significant profits.

35.     Jos. A. Bank's deception injures and damages the consumer who is not getting a "deal" or a "sale" price at all, but rather, is paying a price equal to or even in excess of the true former or average price of the merchandise.

36.     This practice violated and continues to violate California Business & Professions Code §§ 17200, *et seq.,* California's Business & Professions Code §§ 17500, *et seq.,* and the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq.*  This also violated and continues to violate the Federal Trade Commission Act and its guidelines.

37.     Per Jos. A. Bank's most recent 10-K, its sales practices are currently being investigated by the Attorney General's office in both Georgia and Florida (see Ex. 3).  Ohio's

---

[1] It appears Jos A. Bank did temporarily cease to use the particular deceptive marketing practices for which the New York State Attorney General fined them in 2004 in the state of New York.  They continued to use those practices, which are substantially similar to the practices alleged herein, elsewhere and, on information and belief, have also since returned to using them in New York State.

Attorney General has also recently served a subpoena on Jos. A. Bank requesting documents related to their marketing practices.

**The Consumer Transaction Between Plaintiffs And Jos. A. Bank**

38.     Plaintiff Lucas purchased suits at the purported "regular price" of $895 and received 2 "free" suits from a Jos. A. Bank's store in California on July 1, 2012 and again on December 11, 2013.  On December 4, 2012 he purchased a suit at a purported "regular price" of $950 and received 2 "free" suits from a Jos. A. Bank's store in California.  And on June 22, 2013 he purchased a suit at the purported "regular price" of $2,195 and received 2 "free" suits from a Jos. A. Bank's store in California.  He would not have otherwise purchased these suits, or would not have purchased these suits for the price he did, absent Jos. A. Bank's false former price advertising and was damaged thereby.

39.     On or about November 10, 2011, Plaintiff Eric L. Salerno purchased two suits from Jos. A. Bank for a total of $244.  Jos. A. Bank advertised via television, the internet and other outside advertisements that these suits had a former or "regular" price of $595 each.  The advertisement Salerno saw, in fact, indicated that he was "saving" $946.



40.     Plaintiff Salerno purchased the Jos. A. Bank apparel and had them delivered to his home in California after viewing and relying on Jos. A. Bank's advertising that included a false former or "regular" price for the suits. He would not have otherwise purchased this apparel, or

would not have purchased the apparel for the price he did, absent Jos. A. Bank's false former price advertising and was damaged thereby.

41.     Plaintiff Salerno was induced by Jos. A. Bank's advertising and marketing into believing that he was receiving an excellent value by purchasing two suits for a total of $244 that had a former or "regular price" of $595 *each*.  Plaintiff Lucas was similarly induced to make his purchases because Jos. A. Bank's advertising led him to believe he was getting a great bargain – three suits with a former price of $895 for only $895 *total* in the first instance and the same in each subsequent instance.  In fact, the reason both Plaintiffs entered into the transaction with Jos. A. Bank was to receive high quality men's apparel at a price much lower than that typically charged for such merchandise.

42.     However, the "regular" price Jos. A. Bank advertised – $595 for the suits Salerno purchased and $895, $950 and $2,195 respectively for the suits Lucas purchased – did not reflect the true price formerly paid by consumers these for Jos. A. Bank suits, or in any way represent a true former price.  Instead, these purported "regular" prices were false and deceptive, as the prevailing retail price for a Jos. A. Bank men's suit of the type involved in these transaction during the three months immediately prior to Plaintiffs' purchase of such item was materially lower than $595, $895, $950, or $2,195 respectively.

43.     Jos. A. Bank, in advertising a completely inaccurate and inflated former retail price for the suit purchased by Plaintiffs, intentionally misled them into purchasing such items.

44.     Jos. A. Bank intentionally misrepresented the "regular" price by grossly inflating it in order to pass the costs of the sale onto Plaintiffs.

45.     Plaintiffs relied upon the "regular" price representation, believed themselves to be getting the significant discount advertised, and would not have purchased their Jos. A. Bank suits in the absence of Jos. A. Bank's former price misrepresentations.

46.     The Class members all purchased suits, sportcoats, and/or dress pants under substantially similar conditions as Plaintiffs throughout the Class Period.

**CLASS ALLEGATIONS**

47.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

48.    Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated.  The Class Plaintiffs seek to represent is defined as follows:

> All persons who, while in the state of California and within four years of the filing of this Complaint (the "Class Period"), purchased a suit, dress pants and/or sportcoats/suit jackets from Jos. A. Bank, where the purchase price of the item was for a percentage or discount off an advertised former price, or where the purchase was for a suit, dress pants and/or sportcoat/suit jacket based on a former price in connection with an offer of at least one other "free" item of Jos. A. Bank apparel.

Excluded from the Class are Jos. A. Bank, as well as its officers, employees, agents or affiliates and any judge, who presides over this action, as well as all past and present employees, officers and directors of Jos. A. Bank.  Also excluded are Plaintiffs' counsel and employees of those law firms.  Plaintiffs reserve the right to expand, limit, modify or amend this class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

49.    **Numerosity:**  Upon information and belief, the Class is composed of hundreds of thousands of California individuals, whose joinder of this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties and the Court.

50.    **Existence and Predominance of Common Questions of Fact and Law:**  There is a well-defined community of interest in questions of law and fact affecting the Class.  These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

> a.    Whether Jos. A. Bank falsely advertises price discounts from former or "regular" prices on men's suits, sportcoats, and dress pants it sold to California residents.

b.    Whether Jos. A. Bank falsely advertises and sells men's suits, sportcoats, and dress pants in connection with false "free", "1/2 OFF" and "% OFF" offers, which are based on false former prices.

c.    Whether the former or "regular" prices advertised by Jos. A. Bank were the prevailing market prices on men's suits, sportcoats, and dress pants it sold to California residents during the three-month period preceding the dissemination and/or publication of the advertised former prices.

d.    Whether Jos. A. Bank's use of false and/or deceptive price advertising constitutes false advertising under California law.

e.    Whether Jos. A. Bank engaged in unfair, unlawful and/or fraudulent business practices under California law.

f.    Whether Jos. A. Bank failed to disclose material facts about its product pricing and discounts.

g.    Whether Jos. A. Bank has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions or "free" Jos. A. Bank apparel.

h.    Whether Jos. A. Bank's conduct, as alleged herein, is intentional and knowing.

i.    Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and profits Jos. A. Bank received and/or were lost by Class members as a result of the conduct alleged herein.

j.    Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and, if so, what is the nature of such relief.

k.    Whether a backward-reaching injunction is required to remedy the past effects of the unlawful, unfair and fraudulent conduct alleged herein; and if

12

so, what steps are required of Jos. A. Bank to correct the consequences of
its past wrongful acts alleged herein.

    l.    Whether Plaintiffs and Class members are entitled to an award of reasonable
attorneys' fees, prejudgment interest and cost of suit(s).

51.    **Typicality:**  Plaintiffs' claims are typical of and are not antagonistic to, the claims
of all Class members.  Plaintiffs and the Class they seek to represent have all been deceived (or
were likely to be deceived) and damaged by Jos. A. Bank's false former or "regular" price
schemes, as alleged herein.  Plaintiffs and all Class members have similarly suffered injury,
including the loss of money, arising from Jos. A. Bank's unfair, unlawful and deceptive conduct,
as described herein.

52.    **Adequacy:**  Plaintiffs are adequate representatives of the Class because their
interests do not conflict with the interests of the Class members they seek to represent.  Plaintiffs
will fairly and adequately represent and protect the interest of the Class because they are not
antagonistic to the Class.  Plaintiffs have retained counsel who is competent and experienced in
the prosecution of consumer fraud and class action litigation.

53.    **Superiority:**  A class action is superior to other available means for the fair and
efficient adjudication of Plaintiffs and Class members' claims.  Plaintiffs and members of the Class
have suffered monetary harm as a result of Jos. A. Bank's unfair, unlawful, and fraudulent conduct.
Because of the relatively modest size of individual Class members' claims, few, if any, Class
members could afford to seek legal redress of the wrongs complained of herein on any individual
basis.  Absent the class action, Class members and the general public will likely continue to be
deceived and suffer monetary losses and the violations of law described herein will continue
without remedy and Jos. A. Bank will be permitted to retain the proceeds of its misdeeds.

54.    All Class members, including Plaintiffs, were exposed to one or more of Jos. A.
Bank's misrepresentations or omissions of material fact claiming that former or "regular"
advertised prices were in existence.  Due to the scope and extent of Jos. A. Bank's consistent false
price advertising scheme, dissemination in a massive, years-long campaign to California

consumers via in-store display advertising, internet advertising and print advertising, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In fact, as a matter of practice, the false former or "regular" prices are displayed on the sales tag of each suit purchased in store and next to each item ordered from Jos. A. Bank's catalog or website.  It can be reasonably presumed that all Class members, including Plaintiffs, affirmatively acted in response to the material misrepresentations contained in Jos. A. Bank's false advertising scheme when purchasing men's suits, sportcoats, and dress pants from Jos. A. Bank.

55.     As a matter of public policy, this consumer matter should proceed as a consumer class action that will produce several salutary byproducts, including:

a.     A therapeutic effect upon those sellers who indulge in deceptive practices;

b.     Aid to legitimate business enterprises by curtailing illegitimate competition; and

c.     Avoidance to the judicial process of the burden of multiple litigation involving identical claims.

56.     The Class should be certified and each Class member should be compensated in a manner that will put the Class member in a position the member would be in had they been charged the true former price of the merchandise.

## **FIRST CAUSE OF ACTION**

### **(Violation of the "Unfair" Prong of the UCL)**

57.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

58.     The UCL defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

14

59.     A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

60.     Jos. A. Bank has violated and continues to violate the "unfair" prong of the UCL by falsely representing that its California consumers are receiving a bargain, deal or price discount in connection to a referenced former price of men's suits, sportcoats, or dress pants where Jos. A. Bank has inflated the purported former or "regular" prices for such products, such that the promised discount or bargain is false, misleading and deceptive.

61.     Jos. A. Bank has violated and continues to violate the "unfair" prong of the UCL by falsely representing that its California consumers are receiving "free" Jos. A. Bank apparel as an incentive to purchase a suit with a purported former price that is false, misleading and deceptive.

62.     These acts and practices are unfair because they are likely to cause consumers to believe falsely that Jos. A. Bank is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.  As a result, purchasers, including Plaintiffs, have reasonably perceived that they are receiving either valuable price reductions on purchases of men's suits, sportcoats, and/or dress pants, or valuable "free" apparel in exchange for purchasing a suit for the former price at Jos. A. Bank.  This perception has induced reasonable purchasers, including Plaintiffs, to buy such products from Jos. A. Bank and to refrain from shopping for the same or similar products from competitors of Jos. A. Bank.

63.     The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Jos. A. Bank for engaging in such deceptive acts and practices.  By committing the acts and practices alleged above, Jos. A. Bank has engaged and continues to engage, in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

64.     Through its unfair acts and practices, Jos. A. Bank has improperly obtained money from Plaintiffs and the Class, and continues to improperly obtain money from the general public. As such, Plaintiffs request that this Court cause Jos. A. Bank to restore this money to Plaintiffs

and all Class members.  Specifically, Plaintiffs request that this Court cause Jos. A. Bank to pay damages equal to the costs of the "free" offers that Jos. A. Bank has deceptively passed on to its customers and to recover the advertised savings on falsely discounted items, all of which can be assessed on a per transaction basis across the Class.  These damages can be assessed on a per transaction basis using information in possession of the Defendant.

65.     Plaintiffs also request that this Court enjoin Jos. A. Bank from continuing to violate the UCL as discussed herein.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy.  Plaintiffs also request that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

### SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

66.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

67.     The UCL defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue, or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

68.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.  Jos. A. Bank's marketing and advertising materials – include, but are not limited to, its in-store advertising displays, print advertising and internet website advertising – are "fraudulent" within the meaning of the UCL because they have deceived Plaintiffs, the Class and are likely to deceive members of the general public into believing that Jos. A. Bank is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.  As a result, purchasers, including Plaintiffs, have reasonably (but falsely) perceived that they are receiving either valuable bargains or price reductions on purchases of men's suits, sportcoats, or dress pants from Jos. A. Bank.  This perception has induced reasonable purchasers, such as Plaintiffs, to buy such products from Jos.

A. Bank and to refrain from shopping for the same or similar products from competitors of Jos. A. Bank.

69.     Jos. A. Bank's acts and practices, as described herein, have deceived Plaintiffs and are highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase a Jos. A. Bank's "regular" price suit along with 2 "free" suits, Plaintiffs relied on Jos. A. Bank's misleading and deceptive representations regarding its "regular" price, "sale" price and "free" apparel.  Each of these factors played a substantial role in Plaintiffs' decision to purchase those products at Jos. A. Bank, and Plaintiffs would not have purchased those items at Jos. A. Bank in the absence of Jos. A. Bank's misrepresentations.  Accordingly, Plaintiffs suffered monetary loss as a direct result of Jos. A. Bank's practices described herein.

70.     As a result of the conduct described above, Jos. A. Bank has been, and will continue to be, unjustly enriched at the expense of Plaintiffs and members of the proposed Class.  Specifically, Jos. A. Bank has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

71.     Through its unfair acts and practices, Jos. A. Bank has improperly obtained money from Plaintiffs and the Class, and continues to improperly obtain money from the general public.  As such, Plaintiffs requests that this Court cause Jos. A. Bank to restore this money to Plaintiffs and all Class members.  Specifically, Plaintiffs requests that this Court cause Jos. A. Bank to pay damages equal to the costs of the "free" offers that Jos. A. Bank has deceptively passed on to its customers and to recover the advertised savings on falsely discounted items.  These damages can be assessed on a per transaction basis across the Class using information within the possession of the Defendant.  Plaintiffs also request that this Court enjoin Jos. A. Bank from continuing to violate the UCL as discussed herein.  Otherwise, Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.  Plaintiffs also request that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## **THIRD CAUSE OF ACTION**

### **(Violation of the "Unlawful" Prong of the UCL)**

72.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above paragraphs.

73.     The UCL defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue, or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

74.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

75.     The Federal Trade Commission (FTC) describes false former pricing schemes, similar to Jos. A. Bank's pricing scheme in all material respects, as deceptive:

> (a)     One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonable substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one.  If on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the usual value he expects.

16 C.F.R. 233.1(a).

> (b)     A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial price of time, in the recent, regular course of his business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. 233.1(b).

76.     California statutory and regulatory law also expressly prohibits false former price schemes.  Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements,*" states:

For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement. [Emphasis added.]

77. As detailed in Plaintiffs' Fifth Cause of Action below, Cal. Civ. Code § 1770, subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

78. Jos. A. Bank's use of a reference to former or "regular" price, "free" Jos. A. Bank apparel, or purported percentage discounts in connection with its marketing and advertisements concerning its suits, sportcoats, and dress pants violates Title 16, Code of Federal Regulations, Section 233, Cal. Bus. & Prof. Code § 17501, and Cal. Civ. Code § 1770, section (a)(13). Jos. A. Bank violates these laws by advertising false bargains or discounts in connection with former or "regular" priced suits, sportcoats, and dress pants, that were, in fact, not the prevailing market prices within three months next preceding the publication and dissemination of advertisements containing the false former prices.

79. As a result of the conduct described above, Jos. A. Bank has been, and will continue to be, unjustly enriched at the expense of Plaintiffs and members of the proposed Class. Specifically, Jos. A. Bank has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

80. Through its unfair and fraudulent acts and practices, Jos. A. Bank has improperly obtained money from Plaintiffs and the Class, and continues to improperly obtain money from the general public. As such, Plaintiffs request that this Court cause Jos. A. Bank to restore this money to Plaintiffs and all Class members. Specifically, Plaintiffs request that this Court cause Jos. A. Bank to pay damages equal to the costs of the "free" offers that Jos. A. Bank has deceptively passed on to its customers and to recover the advertised savings on falsely discounted items, all of which can be assessed on a per transaction basis across the Class. Plaintiffs also request that this

1  Court enjoin Jos. A. Bank from continuing to violate the UCL as discussed herein.  Otherwise,

2  Plaintiffs, the Class and members of the general public may be irreparably harmed and/or denied

3  an effective and complete remedy if such an order is not granted.  Plaintiffs also request that this

4  Court order a backward-reaching injunction in order to remedy the past effects of the unfair

5  conduct alleged herein.

6  **FOURTH CAUSE OF ACTION**

7  **(Violation of the Consumers Legal Remedies Act, California Civil**

8  **Code Sections 1750, *et seq.*)**

9       81.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above

10  paragraphs.

11       82.     This cause of action is brought pursuant to the Consumers Legal Remedies Act,

12  California Civil Code §§ 1750, *et seq.* (the "CLRA").

13       83.     Plaintiffs and each member of the proposed Class are "consumers" within the

14  meaning of Civil Code § 1761(d).

15       84.     Jos. A. Bank's sale of men's suits, sportcoats, and dress pants to Plaintiffs and the

16  Class are "transactions" within the meaning of Civil Code § 1761(e).  The apparel purchased by

17  Plaintiffs and the Class are "goods" within the meaning of Civil Code § 1761(a).

18       85.     Jos. A. Bank has engaged in unfair methods of competition and unfair and/or

19  deceptive acts or practices against Plaintiffs and the members of the Class, in violation of the

20  CLRA, by falsely representing that consumers, including Plaintiffs, were receiving either a price

21  discount from referenced former or "regular" sales prices of its suits, sportcoats, and/or dress pants,

22  or "free" apparel for buying a suit for a "regular" sales price, both where Jos. A. Bank inflated the

23  purported former price such that the promised discount, value, bargain and "free" apparel, were

24  false, in violation of Cal. Civ. Code § 1770, subsection (a)(7) ([r]epresenting that goods or services

25  are of a particular standard, quality or grade, or that goods are of a particular style or model, if they

26  are of another), subsection (a)(9) ("[a]dvertising goods or services with intent not to sell them as

27

28

advertised"), and subsection (a)(13) ("[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").

86.     As a result of these acts and practices, Plaintiffs and the Class were damaged in that Jos. A. Bank's unlawful and misleading acts and practices alleged herein played a substantial and material role in the decision of Plaintiffs and the Class to purchase men's suits, sportcoats, and/or dress pants at Jos. A. Bank.  Absent these acts and practices, Plaintiffs and the Class would not have purchased the apparel that they did from Jos. A. Bank.

87.     Pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and the Class, request that this Court enjoin Jos. A. Bank from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above.  Unless Jos. A. Bank is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers will be damaged by its acts and practices in the same way as have Plaintiffs and the members of the proposed Class.  Plaintiffs also request that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

88.     Pursuant to Section 1782(d) of the CLRA, Plaintiffs reserve the right to amend this Complaint to include a request for damages under the CLRA after complying with Section 1782(a) of the CLRA within thirty (30) days after the commencement of this cause of action for injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the other members of the Class, request that this Court award relief as follows:

A.     An Order certifying that this action may be maintained as a class action, that Plaintiffs be appointed Class Representatives and Plaintiffs' counsel be appointed Class Counsel;

B.     An Order that Jos. A. Bank be permanently enjoined under the CLRA from its improper and unlawful activities and practices in violation of § 1770 described herein;

C.     Pursuant to Plaintiffs' first four causes of action, a judgment awarding Plaintiffs and all members of the Class restitution and/or other relief, including without limitation, disgorgement of all profits and unjust enrichment obtained by Jos. A.

1    Bank as a result of its unlawful, unfair and fraudulent business practices described
     herein;

2    D.    A judgment awarding Plaintiffs and members of the Class actual and compensatory
3          damages in an amount according to proof for Defendant's conduct alleged under
           all causes of action herein entitling Plaintiffs and members of the Class to actual
4          and compensatory damages;

5    E.    A judgment awarding Plaintiffs their costs of suit; including reasonable attorneys'
           fees pursuant to Code of Civil Procedure Section 1021.5 and as otherwise permitted
6          by statute; and pre- and post-judgment interest; and

7    F.    Such other and further relief as may be deemed necessary or appropriate.

8                              **DEMAND FOR JURY TRIAL**

9    Plaintiffs hereby demand a trial by jury.

10

11   Dated: July 9, 2014

12                                        /s/ Hassan A. Zavareei
                                   HASSAN A. ZAVAREEI (CA 181547)
13                                 JEFFREY KALIEL (CA 238293)
                                   **TYCKO & ZAVAREEI, LLP**
14                                 2000 L Street, NW, Suite 808
                                   Washington, DC  20036
15                                 (202) 973-0900
                                   (202) 973-095 (FAX)
16                                 *jkaliel@tzlegal.com*
                                   *hzavareei@tzlegal.com*
17

18                                 STUART E. SCOTT (0064834)  (PHV Forthcoming)
                                   DANIEL FRECH (0082737)  (PHV Forthcoming)
19                                 **SPANGENBERG SHIBLEY & LIBER LLP**
                                   1001 Lakeside Avenue East, Suite 1700
20                                 Cleveland, OH  44114
                                   (216) 696-3232
21                                 (216) 696-3924 (FAX)
                                   *sscott@spanglaw.com*
22                                 *dfrech@spanglaw.com*

23                                 ANDREW R. MAYLE  (0075622)  (PHV Forthcoming)
                                   JEREMIAH S. RAY  (0074655)  (PHV Forthcoming)
24                                 **MAYLE, RAY & MAYLE**
                                   210 South Front Street
25                                 Fremont, OH  43420
                                   (419) 334-8377
26                                 (419) 355-9698 (FAX)
                                   *amayle@mayleraymayle.com*
27                                 *jray@mayleraymayle.com*

28                                 ***Counsel for Plaintiffs and the Proposed Class***