# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LUCAS and ERIC L. SALERNO,<br><br>Plaintiffs,<br><br>vs.<br><br>JOS. A. BANK CLOTHIERS, INC.,<br><br>Defendant. | CASE NO. 14-cv-1631-LAB (JLB)<br><br>**ORDER:**<br><br>**1) GRANTING LEAVE TO FILE AMENDED COMPLAINT, and**<br><br>[Docket no. 9]<br><br>**2) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[Docket no. 8] |

On July 9, 2014, Plaintiffs filed a putative class action complaint against Defendant Jos. A. Bank Clothiers, Inc. asserting three claims under the California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 et seq., and one claim under California's Consumers Legal Remedies Act (CLRA), Cal. Civil Code §§ 1750 et seq.  (Docket no. 1.)  Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Docket no. 8.)  On October 9, 2014, the parties filed a joint motion to allow Plaintiffs leave to amend their complaint.  (Docket no. 9.)

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The "court should freely give leave when justice so requires."  *Id.*  Granting leave to amend rests

in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

This is Plaintiffs' first motion to amend and it is not driven by bad faith or with the intent to cause undue delay or prejudice to the Defendant. Defendant joins Plaintiffs' motion and does not dispute the absence of delay or prejudice. (*See* Docket no. 9.) Accordingly, the Court **GRANTS** the parties' joint motion for leave to amend. *See Johnson*, 356 F.3d at 1077. Plaintiffs may file a First Amended Complaint on or before **October 22, 2014**. Plaintiffs should file it as a separate entry in the case docket, rather than leave it as an attachment to the joint motion.

Plaintiffs' changes to their complaint address at least some of the grounds for dismissal in Defendant's motion to dismiss, particularly with regard to damages and prayer for relief. (*Compare* Docket no. 1 *with* Docket no. 9-1.) "[I]t is well-established that an amended [pleading] supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (internal quotation marks omitted). Accordingly, the Court **DENIES** Defendant's motion to dismiss as moot. Defendants shall have **21 days** from the date Plaintiffs file their First Amended Complaint to answer or otherwise respond.

**IT IS SO ORDERED**.

DATED: October 15, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge