UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| David M. Lucas, et al., | Case No.: 14-cv-01631-LAB-JLB |
|---|---|
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| Jos. A. Bank Clothiers, Inc., | |
| Defendant. | **[ECF No. 36]** |

The Court hereby GRANTS Plaintiffs' motion to compel documents from Defendant (ECF No. 36) as follows:

**1.    Plaintiff's motion is deemed timely.**  On April 7, 2015, Defendant served its written objections to the document requests at issue in Plaintiffs' motion to compel. (ECF No. 36-2.)  Pending at that time was Defendant's motion for judgment on the pleadings, which, if granted in full, would result in dismissal of this action. (ECF No. 15.)  Then, on May 11, 2015, the district court issued its order granting in part and denying in part Defendant's motion for judgment on the pleadings.  (ECF No. 33.)  On June 12, 2015, Plaintiff's counsel sought the Court's assistance with the discovery disputes at issue.  (ECF No. 34.)  A minute order followed granting Plaintiffs leave to file a motion to compel by June 18, 2015.  (ECF No. 35.)  Plaintiffs filed the instant motion to compel on June 18, 2015.  (ECF No. 36.)  Having considered the unique procedural history of this case, the Court deems Plaintiff's motion (ECF No. 36) to be timely filed despite the Court's Civil Chambers Rule requiring discovery disputes be brought to the attention of the Court within thirty calendar days of the dispute arising.

**2.     Defendant shall produce documents responsive to Request Nos. 5, 6, 10, 13, 14, 17, 18, 20, 21, 24, 25 and 26 (documents relating to the sale or marketing of sportcoats or dress slacks).** The Court overrules Defendant's objection that Plaintiffs do not have standing to pursue discovery on products they did not purchase (i.e. sport coats and dress slacks). The discovery sought is relevant because, as alleged, Plaintiffs seek to bring claims on behalf of themselves and a plaintiff class defined as:

> All persons who, while in the state of California and within four years of the filing of this Complaint (the "Class Period"), purchased a suit, dress pants and/or sportcoats/suit jackets from Jos. A. Bank, where the purchase price of the item was for a percentage or discount off an advertised former price, or where the purchase was for a suit, dress pants and/or sportcoat/suit jacket based on a former price in connection with an offer of at least one other "free" item of Jos. A. Bank apparel.

(ECF No. 11 at 11-12, ¶50.) Whether Plaintiffs have standing to represent this class may be raised in conjunction with the parties' class certification briefing. Accordingly, by **August 14, 2015**, Defendant shall supplement its written responses, and serve its complete document production and privilege log responsive to Plaintiffs' First Set of Requests for Production Nos. 5, 6, 10, 13, 14, 17, 18, 20, 21, 24, 25 and 26.

**3.     Defendant shall produce documents responsive to Request Nos. 2, 7 and 22 (profit margins and costs of goods sold).** The Court overrules Defendant's objection that its profit margins and costs of goods sold are not relevant. The requests at issue seek information relevant to the issue of restitution. *See Johns v. Bayer Corp.*, No. 09cv1935-AJB (DHB), 2012 WL 1520030, at *4-*5 (S.D. Cal. Apr. 30, 2012) ("although the Court does not decide which proffered measure of restitution should apply here, it is reasonable to conclude that [Defendant's] profits and expenses are . . . relevant to this litigation and discoverable"). Accordingly, by **August 28, 2015**, Defendant shall supplement its written responses, and serve its complete document production and privilege log responsive to Plaintiffs' First Set of Requests for Production Nos. 2, 7 and 22.

///

**4.     Defendant shall produce documents responsive to Request Nos. 8 and 9 (communications regarding pricing strategy).**  The Court overrules Defendant's objection that its communications regarding pricing strategy are not relevant to class certification.  Discovery in this case is not bifurcated, and Defendant has not met is burden of showing that producing the communications at issue prior to a ruling on class certification would be unduly burdensome.  Accordingly, by **August 28, 2015**, Defendant shall supplement its written responses, and serve its complete document production and privilege log responsive to Plaintiffs' First Set of Requests for Production Nos. 8 and 9.

**IT IS SO ORDERED.**

Dated:  August 6, 2015

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge