# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LUCAS and ERIC L. SALERNO, <br><br> Plaintiffs, <br><br> vs. <br><br> JOS. A. BANK CLOTHIERS, INC., <br><br> Defendant. | CASE NO. 14-cv-1631-LAB (JLB) <br><br> **ORDER DENYING JOS. A. BANK'S MOTION FOR RELIEF (DOCKET NO. 46) FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DOCKET NO. 44)** |

Magistrate Judge Burkhardt ordered Joseph A. Bank to produce (1) documents relating to its costs and profit margins and (2) communications relating to its pricing strategy. (Docket no. 44.) Joseph A. Bank objects. (Docket no. 46.) It argues costs and profit margins aren't relevant to restitution—Plaintiffs' only theory of monetary recovery—because "restitution is calculated by comparing the amount paid with the value of what was received." (*Id.* at 2.) It also argues that its pricing strategy isn't relevant to the issue of class certification and it shouldn't have to go through the burdensome process of producing pricing strategy documents until the Court rules on class certification. (*Id.* at 4.)

A magistrate judge's non-dispositive pretrial order will be upheld unless it's "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate

judge. *See, e.g., Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992). "Thus, the district court must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Allen v. Similasan Corp.*, 2014 WL 2212120, at *1 (S.D. Cal. May 27, 2014) (internal brackets and quotation marks omitted). "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks omitted).

### Costs and Profit Margin Evidence

If Plaintiffs can show that Joseph A. Bank made its products with low-cost and correspondingly low-quality inputs and, as a result, enjoyed uncommonly high profits, those facts would be relevant to the availability of restitution. Thus, Joseph A. Bank's costs and profit margins are relevant.

### Pricing Strategy Evidence

Pricing strategy is the focal point of this case, and discovery isn't bifurcated. Joseph A. Bank hasn't established that it's unduly burdensome to produce its pricing strategy evidence now, and the Court disagrees that the discovery period should be extended to account for the possibility that its order on Plaintiffs' unfiled motion for class certification might nullify the need for pricing strategy discovery.

Judge Burkhardt's order isn't clearly erroneous or contrary to law. Joseph A. Bank's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 8, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge