1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11     DAVID M. LUCAS,                           CASE NO. 14cv1631-LAB (JLB)

12                               Plaintiff,      **ORDER ON MOTION TO WITHDRAW**
                                                 **AS COUNSEL**
13           vs.

       JOS. A. BANK CLOTHIERS, INC.,
14
                               Defendant.
15

16

17          David Lucas' counsel has moved to withdraw from representing him in this case.

18   (Docket no. 117.)  They filed a declaration from one of Lucas' counsel, which states that:

19          •       they have "a good faith belief that continuing the attorney-client relationship

20                  with Mr. Lucas will result in a violation of Rules of Professional Conduct";

21          •       they have informed Lucas of their intent to terminate the attorney-client

22                  relationship;

23          •       they have advised Lucas of his ability to obtain additional counsel; and

24          •       Lucas has consented to the termination of representation.

25   (Docket no. 117-1.)  Jos. A. Bank hasn't filed an opposition.

26          An attorney may not withdraw as counsel except by leave of court, and the trial court

27   has discretion whether to grant or deny a motion to withdraw in a civil case.  *Chaker v.*

28   *Adams*, 2012 WL 4848962, at *1 (S.D. Cal. Oct. 10, 2012).  Courts should consider the

1    following factors when ruling upon a motion to withdraw as counsel:

2          (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may
           cause to other litigants; (3) the harm withdrawal might cause to the
3          administration of justice; and 4) the degree to which withdrawal will delay the
           resolution of the case.
4

5    *Id.* (quotation omited).  An attorney must withdraw if "[t]he member knows or should know

6    that continued employment will result in violation of [the California Rules of Professional

7    Conduct]." Cal. R. Prof. Conduct 3-700(B)(2).  Since Lucas' counsel asserts that's the case

8    here, the relevant factors weigh in favor of granting withdrawal.  The motion to withdraw

9    (Docket no. 117) is **GRANTED**.  Withdrawing counsel shall remain counsel of record in ECF

10   for forwarding purposes until Lucas retains new counsel or provides a service address.

11   Since the hearing on Lucas' motion for voluntary dismissal seeks attorney's fees and costs

12   from both Lucas and his counsel, withdrawing counsel shall appear at the August 15, 2016

13   hearing.

14          **IT IS SO ORDERED**.

15   DATED:  August 8, 2016

16                                          *Larry A. Burns*

17                                          **HONORABLE LARRY ALAN BURNS**
                                            United States District Judge
18

19

20

21

22

23

24

25

26

27

28