# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. LUCAS,<br><br>              Plaintiff,<br>vs.<br>JOS. A. BANK CLOTHIERS, INC.,<br><br>              Defendant. | CASE NO. 14cv1631-LAB (JLB)<br><br>**ORDER TO SHOW CAUSE; ORDER TO APPEAR FOR HEARING** |

Jos. A. Bank argues—and its evidence suggests—that David Lucas maintained this lawsuit based on the false story that he had purchased Jos. A. Bank's suits, and supported his false story with a fraudulent document. Lucas moved to dismiss his own claims with prejudice and the claims of the putative class without prejudice. (Docket no. 116.) Jos. A. Bank opposes the motion. (Docket no. 120.) It seeks costs and fees from both Lucas and his former counsel. (*Id*.) It also seeks a ruling on the pending summary judgment motion and an order requiring Lucas' former counsel to file any similar lawsuit in this Court. (*Id.*)

**Background**

Lucas sued Jos. A. Bank for false advertising claiming that he made four suit purchases at the store. (Docket no 11 at ¶ 20.) To support his claim, he provided what appeared to be a redacted screenshot of a debit card account statement showing his purchases from Jos. A. Bank. (*See* Docket no. 102-3.) He testified that he used a debit

card to make the purchases, and that Navy Federal Credit Union was his bank at the time. (Docket no. 108-5.) Navy Federal produced Lucas' bank records, but they don't reflect *any* purchases from Jos. A. Bank. (Docket no. 106.) Additionally, Jos. A. Bank provided evidence of several other significant problems with Lucas' story, including that: (1) the amount of Lucas' alleged purchases don't reflect the cost of alterations or the relevant sales tax rate; (2) the promotions that Lucas says he responded to didn't occur on some of the days he made his purchases; (3) Lucas' purported June 22, 2013 purchase reflects a price that's higher than any suit that was available in San Diego at the time; and (4) the font in Navy Federal bank statements doesn't match the font in Lucas' purported redacted account statement. (*See* Docket no. 120 at 6–7.)

Lucas has not attempted to explain any of the significant questions Jos. A. Bank has raised. (*See* Docket no. 120.) Lucas' counsel withdrew from representing him, contending that continuing the attorney-client relationship would violate the California Rules of Professional Conduct. (Docket nos. 117 and 123.) Former counsel maintain that they relied on information provided by their client, and that they had no reason to suspect it was untruthful. (*See* Docket no. 121 at 7.) It's not clear whether Lucas agrees with his former counsel's assurances. There was a hearing in this matter on August 15, 2016. Jos. A. Bank and Lucas' former counsel appeared, but Lucas did not. It now appears to be uncontested that Lucas didn't make the purchases that he alleged in the complaint. It also appears to be uncontested that the document that Lucas offered to prove his purchases is fraudulent.

**Attorney's Fees and Costs and Sanctions**

Although courts often award defendants costs and attorney fees when granting a plaintiff's motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2), such an award is generally improper when the dismissal is with prejudice. *Maculan v. City of Escondido*, 2014 WL 3341070, at *1 (S.D. Cal. July 8, 2014); *Gonzalez v. Proctor & Gamble Co.*, 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008). Costs and fees may, however, be imposed under "exceptional circumstances." *Chavez v. Northland Grp.*, 2011 WL 317482, at *4 (D. Ariz. Feb. 1, 2011). If it's true that Lucas fraudulently initiated this case and intentionally

created and produced a false document to perpetuate the fraud, then dismissal with prejudice of his lawsuit is not an adequate remedy to sanction and deter such misconduct. If the allegations are true, in the Court's view they amount to the type of "exceptional circumstance" that would warrant an award of costs and fees under Fed. R. Civ. P. 41(a)(2). It also appears to be the type of bad faith conduct that warrants sanctions—including a finding of contempt—under the Court's inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order). Any sanction would be intended to compensate Jos. A. Bank, so it would be civil in nature. *Ingenuity13 LLC v. Doe*, 2016 WL 3212176, at *2 (9th Cir. June 10, 2016). "Due process for civil sanctions requires notice, an opportunity to be heard, and a finding of bad faith." *Id.*

In view of the foregoing, **Lucas is hereby given NOTICE that: (1) the Court may sanction him under its inherent powers and/or order him to pay Jos. A. Bank's attorney's fees and costs for maintaining this lawsuit based on a false story and supporting it with a false document; and (2) the Court will hold a hearing on October 18, 2016 at 10:00 a.m.** While there is no evidence to suggest that Lucas's former counsel were complicit in any of the alleged misconduct, the Court can't let them off the hook until Lucas has the opportunity to respond to this Order and present his side. Therefore, the Court hereby **ORDERS Lucas (and his current counsel, if any), Lucas' former counsel, and counsel for Jos. A. Bank to appear in this Court in person on October 18, 2016 at 10:00 a.m.**

**Lucas is ORDERED TO SHOW CAUSE why he should not be required to pay Jos. A. Bank's attorney's fees and costs and why he should not be sanctioned, including being held in contempt. By no later than September 5, 2016, Lucas must file a memorandum of points and authorities** that:

(1) explains how he made his purported account statement;

(2) responds to Jos. A. Bank's sales tax argument;

(3) responds to Jos. A. Bank's argument that his purported account statement includes the cost for a suit that wasn't available in San Diego at the time;

(4) explains why his Navy Federal statements don't reflect the purported purchases from Jos. A. Bank;

(5) responds to Jos. A. Bank's argument that he maintained this lawsuit based on the false premise that he had purchased Jos. A. Bank suits, and supported it with a fraudulent document (i.e., his purported account statement); and

(6) responds to Jos. A. Bank's argument that this is an extraordinary circumstance justifying the Court to order Lucas to pay Jos. A. Bank's attorney's fees and costs.

Lucas should be prepared to discuss the above issues and to present evidence on the issues, if he chooses, at the October 18, 2016 hearing. **The Court WARNS Lucas that he may wish to retain counsel to represent him in this matter**.

Lucas' former counsel may, at their discretion, file a memorandum and points of authorities regarding the potential applicability of the self-defense exception to the attorney-client privilege to this case, *see Qualcomm Inc. v. Broadcom Corp*., 2008 WL 638108, at *2 (S.D. Cal. Mar. 5, 2008), or any other potential applicable privilege. If former counsel elect to file pleadings, they shall do so no later than September 19, 2016.

Lucas' former counsel shall also file a notice confirming that they provided a copy of this order to Lucas.

Jos. A. Bank shall inform the parties of the amount of attorney's fees and costs it seeks by filing a declaration and evidence no later than August 29, 2016.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Tentative Decision on the Remainder of Jos. A. Bank's Requests**

The Court tentatively concludes that: (1) Lucas' claims should be dismissed with prejudice and the claims of the putative class should be dismissed without prejudice; (2) it won't issue a decision on Jos. A. Bank's pending summary judgment motion; and (3) it won't require Lucas' former counsel to file any similar future case before this Court. The Court will issue its final decision on these issues during or after the October 18, 2016 hearing.

**IT IS SO ORDERED**.

DATED: August 18, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge