UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David M. Lucas,<br><br>          Plaintiffs,<br><br>v.<br><br>Jos. A. Bank Clothiers, Inc. ,<br><br>          Defendants. | Case No.: 14-cv-01631-LAB-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JOS. A. BANK, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS SERVED ON THIRD PARTIES TYKO & ZAVAREEI LLP AND SPANGENBERG SHIBLEY & LIBER LLP**<br><br>**[ECF No. 139]** |

  Before the Court is Defendant Jos. A. Bank, Inc.'s Motion to Compel Production of Documents Pursuant to Subpoenas Served on Third Parties Tyko & Zavareei LLP and Spangenberg Shibley & Liber LLP (ECF No. 139). For the reasons stated below, Defendant's motion (ECF No. 139) is **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND**

  Third parties Tyko & Zavareei LLP and Spangenberg Shibley & Liber LLP are plaintiff David Lucas's former counsel in this action ("Former Counsel"). On August 18, 2016, District Judge Larry Alan Burns issued an order relevant to the motion to compel at issue. (ECF No. 128.) The order directs Mr. Lucas to appear for a hearing before Judge Burns on October 18, 2016 and to show cause why he should not be sanctioned and/or required to pay Defendant Jos. A. Bank's attorney's fees and costs. (ECF No. 128.) As reflected in the district court's order, the evidence put forward by Jos. A. Bank suggests

that "David Lucas maintained this lawsuit based on the false story that he had purchased Jos. A. Bank's suits, and supported his false story with a fraudulent document." (*Id.* at 1.) Judge Burns further noted:

> It now appears to be uncontested that Lucas didn't make the purchases that he alleged in the complaint. It also appears to be uncontested that the document Lucas offered to prove his purchases is fraudulent.

(*Id.* at 2.) Judge Burns also observed that, as of that stage of the proceedings, "there is no evidence to suggest that Lucas's former counsel were complicit in any of the alleged misconduct." (*Id.* at 3.)

On August 26, 2016, Defendant Jos. A. Bank served subpoenas on both Mr. Lucas and Former Counsel ordering Former Counsel to produce communications with Mr. Lucas and other internal documents relating to Mr. Lucas. (ECF No. 139-3.) On August 31, 2016, by letter, Former Counsel objected to the subpoenas on the grounds that the Mr. Lucas's communications with Former Counsel are privileged and that other documents sought constitute fact and opinion work product. (ECF No. 144-2.) Mr. Lucas failed to respond to the subpoenas.

On September 12, 2016, Defendant filed its motion seeking the production of privileged communications and work product responsive to the subpoenas. (ECF No. 139.) Former Counsel filed an opposition to the motion. (ECF No. 144.) Mr. Lucas is representing himself without an attorney and has not filed any papers in connection with Defendant's motion to compel.

## II.   STANDARDS OF LAW

At issue here is the crime-fraud exception to the protection afforded by the attorney-client and work product privileges. "The crime-fraud exception may be used to abrogate work-product protection as well as the attorney-client privilege." *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certs. Litig.*, 116 F.R.D. 297, 301 (C.D. Cal. 1987).

To vitiate the attorney-client privilege under the crime-fraud exception, the party seeking production must show that the (1) "client was engaged in or planning a criminal or

fraudulent scheme when he or she sought the advice of counsel to further the scheme;" and (2) "attorney-client communications for which production is sought are sufficiently related to, and were made in furtherance of, the scheme—i.e., the attorney was consulted not with respect to prior wrongdoing but, rather, to facilitate or conceal a continuing or contemplated crime or fraud." William W. Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions, Ch. 11(III)-B § 11:671 (citing *In re Napster, Inc. Copyright Litig*., 479 F.3d 1078, 1090 (9th Cir. 2007)). The burden of proof is a preponderance of the evidence. *In re Napster*, 479 F.3d at 1095. For the crime-fraud exception to apply, "the attorney need not himself be aware of the illegality involved; it is enough that the communication furthered, or was intended by the client to further, that illegality." *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (quotation marks omitted).

The test for vitiating the work product privilege under the crime-fraud exception is different depending on whether the information sought constitutes fact work product or opinion work product. For fact work product, courts "generally follow the same two-part approach used in applying the exception to the attorney-client privilege." *In re Nat'l Mortg. Equity Corp.*, 116 F.R.D. at 301. "[F]act work product must be produced if it is found within the crime-fraud exception, even if the attorney asserting the work-product protection was unaware of the client's wrongdoing." *Id.*, 116 F.R.D. at 302.

In contrast, opinion work product–internal communications or internal documents reflecting the mental impressions, opinions, conclusions, judgments or legal theories of counsel–"generally receives a higher degree of protection from discovery" than fact work product. *Id.* at 302. Opinion work product is afforded near absolute protection from discovery and the protection it receives may be vitiated in the rare instances "when there

is a prima facie showing that the attorney had knowledge of or participated in the crime or fraud." *Id.*[1]

## III. ANALYSIS

### A. Production of Attorney-Client Communications

Defendant argues that the crime-fraud exception to the attorney-client privilege applies to the communications sought by the subpoenas at issue. Former Counsel does not offer substantive arguments to the contrary. Instead, Former Counsel make the following arguments: (1) the subpoenas were untimely, having been served after the close of discovery; and (2) Former Counsel cannot produce attorney-client communications without a court order because Mr. Lucas holds the privilege and did not waive the attorney-client privilege by failing to object to the subpoenas.

The Court concludes that Defendant has met its burden to demonstrate that the crime-fraud exception applies here. As the district court recently held, it "appears to be uncontested" both "that Lucas didn't make the purchases that he alleged in the complaint" and that "the document that Lucas offered to prove his purchases is fraudulent." (ECF No. 128.) Having independently considered the record for purposes of ruling on this discovery motion, including all evidence proffered by Jos. A. Banks, the Court finds Defendant has established by a preponderance of the evidence that Plaintiff was engaged in a fraudulent scheme and he sought the advice of counsel to further the scheme. In fact, the court is persuaded Mr. Lucas's entire participation in this litigation was to further the scheme of maintaining this lawsuit based on the false story that he had purchased Jos. A. Bank's suits.

Having adequately demonstrated that Plaintiff's entire basis for bringing this lawsuit was a sham, the Court is persuaded that Defendant also has shown by a preponderance of the evidence that the attorney-client communications for which production is sought are

---

[1] Although sometimes referred to as the work product privilege, "[t]he work-product rule is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)).

sufficiently related to, and were made in furtherance of, the scheme. Any action in furtherance of the lawsuit necessarily served to further the fraud. Thus, Defendant has met the two-part test identified above for applying the crime-fraud exception to the attorney-client privilege. *In re Nat'l Mortg. Equity Corp.*, 116 F.R.D. at 301.

Therefore, Former Counsel is ORDERED to produce **forthwith** all communications with Mr. Lucas responsive to the subpoenas.[2]

### B. Production of Fact Work Product

Fact work product must be produced if it is found to fall within the crime-fraud exception, even if the attorney asserting the work-product protection was unaware of the client's wrongdoing. *In re Nat'l Mortg. Equity Corp.*, 116 F.R.D. at 301-02 (quotation marks omitted). Former Counsel acknowledges this, but they object to producing fact work product on the ground that it would be unduly burdensome under the circumstances. However, Former Counsel fail to present the Court with a factual basis to support their burden argument. *City of Seattle v. Prof'l Basketball Club, LLC*, No. 07cv1620, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008) ("a bald assertion that discovery will be burdensome is insufficient in light of Fed. R. Civ. P. 26(b)(2)(B)"). The Court finds there to be substantial need to uncover the truth about the alleged fraud on the court in this case, which is not outweighed by Former Counsel's unsubstantiated assertion of burden. Therefore, Former Counsel is ORDERED to produce, on or before **October 7, 2016**, all fact work product responsive to the subpoenas.[3]

---

[2] Because the Court finds that Defendant has met its burden to establish the applicability of the crime-fraud exception, the Court declines to address whether Plaintiff waived the attorney-client privilege by failing to object to the subpoenas and failing to respond to this motion to compel. Further, given the unique procedural history of this case and recent developments with respect to Plaintiff's alleged fraud, the Court rejects Former Counsel's argument that Defendant's motion should be deemed untimely. Finally, Former Counsel argues that Defendant should be ordered to respond to the document requests and interrogatories attached to their opposition papers, but that issue is not properly before the Court. Former Counsel did not file a motion to compel with respect to this or any other discovery.

[3] Defendant requests in a footnote that Former Counsel be required to produce a privilege log to the extent they believe that redactions are appropriate because opinion work product is commingled with fact work

### C. Request for Order Requiring Counsel to Bring All Post-May 23 Opinion Work Product to the October 18 Hearing

The Court **DENIES** Defendant's request to order Former Counsel to bring all post-May 23, 2016 opinion work product to the October 18, 2016 hearing. In its memorandum in support of its motion to compel, Defendant requests the Court to order Former Counsel to be "prepared to produce" the requested opinion work product at the October 18, 2016 hearing. In response to Former Counsel's opposition, Defendant clarifies, in its reply, that "JAB is not demanding the immediate production of opinion work product, and is only requesting that Counsel bring such work product to the October 18 hearing so that it may be produced if the Court determines that they had knowledge." ((ECF No. 146 at 5.) Defendant fails to set forth legal authority for this unique request.

While Defendant is not seeking production *per se* at this time, the production of attorney opinion work product requires the Court to make a specific finding of wrongdoing or knowledge on behalf of the lawyers. *See, e.g., In re Nat'l Mortg. Equity Corp.*, 116 F.R.D. at 301-02. Defendant does not ask this Court to make such a finding, but anticipates that such a finding may be made by the District Judge on October 18. Even if such a finding were to be made at the October 18, 2016 hearing, this Court is not persuaded that there is an appreciable benefit to having Former Counsel's opinion work product ready for immediate production at that time. Thus, the Court concludes it is premature to order Former Counsel to collect, prepare and bring to the upcoming hearing all their post-May 23, 2016 opinion work product.

Furthermore, Defendant's request is overbroad, especially considering the near absolute protection afforded opinion work product. In contrast with the attorney-client communications in this case, even if Defendant establishes Former Counsel's knowledge

---

product. (ECF No. 139-1 at 5 n.1.) This request is denied to the extent Defendant is asking for an order directing Former Counsel to produce a document-by-document privilege log.

of and/or participation in the fraud, it does not necessarily follow that all of counsel's post-May 23, 2016 opinion work product was created to further the alleged fraud.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to compel (ECF No. 139) is **GRANTED IN PART AND DENIED IN PART**.  In light Mr. Lucas's pro se status and Former Counsel's deadlines for production, Former Counsel are directed to provide Plaintiff David M. Lucas with a copy of this Order by e-mail as soon as practicable, but no later than **October 3, 2016**.

IT IS SO ORDERED.

Dated:  September 30, 2016

*[signature: Jill Burkhardt]*
Hon. Jill L. Burkhardt
United States Magistrate Judge